**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

JOSE I LOPEZ ARIAS

EDNA E RODRIGUEZ ORTIZ

XXX-XX-8441

XXX-XX-5018

Debtor(s)

CASE NO. 08-00203 BKT

Chapter 13

FILED & ENTERED ON 08/06/2009

## OPINION AND ORDER

Before this Court is the objection filed by the Chapter 13 Trustee Alejandro Oliveras ("Trustee") against Proof of Claim No. 14 filed by the Puerto Rico Treasury Department ("Treasury") [Dkt. No.42] and Treasury's Reply [Dkt. No. 59]. The Trustee contends that Puerto Rico civil law interpretation of the term "caducity" warranted no interruptions to the expiration term of a tax embargo, and that the validity of Treasury's embargo was extinguished when the six years terminated post petition. Treasury argues that section 8024 of the Puerto Rico Internal Revenue Code ("PRIRC") tolled the expiration of the embargo until the case is either discharged or dismissed, or ultimately closed. On the one hand we have Article 144 of the Puerto Rico Mortgage Law which establishes the six year uninterruptable "caducity" period. And on the other, we have Section 8024 of the PRIRC which extends said "caducity" period when a bankruptcy case is filed. For the reasons explained herein, the Trustee's Objections to Claim No. 14 [Dkts. No. 42, 69 and 81] are hereby DENIED.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

### FACTUAL AND PROCEDURAL BACKGROUND:

On March 14, 2002, Treasury tendered a tax embargo at the Property Registry of Ponce, attaching the residence of Jose Lopez Arias ("Debtor") for taxes owed and accrued from 1993 to 2000. Debtor and his spouse jointly filed the above captioned bankruptcy petition on January 17, 2008 [Dkt. No.1]. On April 4, 2008, Treasury filed Proof of Claim No. 14. On August 28, 2008, the Trustee objected and argued that the Claim failed to present evidence of

the continuity of the security interest [Dkt. No.42]. On October 9, 2008, Treasury filed amended claim no. 14-2 providing evidence of the tax embargo's registration. Treasury replied to the Trustee's objection on October 17, 2008 [Dkt. No.59]. Shortly thereafter the Trustee reiterated his objection. Treasury disagreed and the parties filed a joint report with memorandums of law on March 24, 2009 [Dkt. No.82]. The controversy was submitted for resolution on March 31, 2009 [Dkt. No.83]. It is undisputed that Treasury's tax embargo was duly registered and valid at the entry of the Order of Relief. It is also undisputed that the calculation of the six year expiration term falls within the pendency of the case.

### APPLICABLE LAW AND DISCUSSION:

Embargos in Puerto Rico have a "caducity" period of six years as established by Article 144 of the Puerto Rico Mortgage Law (30 LPRA § 2468). The District Court has interpreted the term "caducity" as defined by the Puerto Rico Civil Law; as one that accepts no interruptions. See,

Martinez v. Calzadilla, 756 F. Supp. 78 (D.P.R. 1991), "we think that the weight of Puerto Rico authority falls on the side of not allowing *any prior action* to toll a period of *caducidad.";* In Ortega-Candelaria v. Johnson & Johnson, 2009 WL 1812423 (D.Puerto Rico, Jun 25, 2009) (NO. CIV.08-2382 (JAF)), a more recent case, the Court established that, "[A] contractual modification creates a period of caducity under the civil law, which admit[s] no interruption. [Its] extinguishing or barring effect is absolute and runs automatically with time." Prime Retail, L.P. v. Caribbean Airport Facilities, Inc., 975 F.Supp. 148, 153 (D.P.R.1997).

The Puerto Rico Internal Revenue Code is specific on how the term of embargoes are directly affected by the filing of a bankruptcy petition:

> *(b) Suspension of term of prescription.* The term of prescription for collecting the debts covered by an application for bankruptcy or receivership shall be suspended for the period between the date of the filing for bankruptcy or the commencement of receivership for up to ninety (90) days after the date of discharge and the close of the bankruptcy case, whichever happens later.

> Likewise, **filing a [petition] application for bankruptcy shall extend the term of expiration of an embargo initiated by the Secretary for the remaining term pending expiration to the date of the filing for bankruptcy. The term shall begin to run again after the dismissal or discharge and close of the bankruptcy proceeding**. In case an embargo initiated by the Secretary is modified within a bankruptcy or receivership proceeding, and after the proceeding has been cancelled or dismissed, the embargo shall return to its original state before its modification through the reinstallation of the tax indebted, including interest, additional amounts or additions to the tax as provided in this Code. (13 L.P.R.A.§ 8024 (2006)) (emphasis ours).

Ultimately, this controversy can be narrowed down as follows: On the one hand, we have Article 144 of the Puerto Rico Mortgage Law which establishes a six year "caducity" period, a term that allows no interruption. On the other hand, we have Section 8024 of the PRIRC which extends the "caducity" term when a bankruptcy case is filed.

The Puerto Rico Civil Code establishes that "Laws which refer to the same matter, or whose object is the same, shall be interpreted with reference to each other, in order that what is clear in one may be employed for the purpose of explaining what is doubtful in another" 31 L.P.R.A. § 18 (2006). "It is a cardinal principle of hermeneutics that words, the language of a law, must be given the interpretation which validates the intent of the Legislature upon approving the measure." Rivera Maldonado v. Puerto Rico Housing Authority, 87 P.R.R. 429, 431 (1963).    In exercising its judicial function, a court should apply the most recent law over the previous one with regard to the same subject matter. Flamboyan Gardens v. Planning Board, 103 D.P.R. 884 (1975). Here we have the most recent law, Section 8024 of the PRIRC, which clearly and directly establishes the tolling effect of the filing of a bankruptcy petition upon embargoes. Now let us turn our attention to its congruence with federal case law.

A parallel exists between Puerto Rico case law and a recent First Circuit case. In the case of In Re Hill, the Circuit Court of Appeals maintained some bedrock legal principles:

> Statutory interpretation begins with the language of the statute. United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 8 (1st Cir.2007). We assume that the words Congress chose, if not specially defined, carry their plain and ordinary meaning. Boivin v. Black,  225 F.3d 36, 40 (1st Cir.2000). If that meaning produces a plausible (though not inevitable) result, that is generally the end of the matter. Plumley v. S. Container, Inc., 303 F.3d 364, 369 (1st Cir.2002). Of course, plain meaning sometimes must yield if its application would bring about results that are either absurd or antithetical to Congress's discernible intent. See Baez v. INS, 41 F.3d 19, 24 (1st Cir.1994). In re Hill, 562 F.3d 29, Bankr. L. Rep. P 81,454 (1st Cir., Apr 01, 2009) (NO. 08-9006).

With these precepts in mind, we examine the statutory provision in question here. Section 8024 of the PRIRC, by its own terms specifies that the filing of a Bankruptcy petition "shall extend the term of expiration of an embargo." The statute is specific enough and produces a reasonable

result, it tolls the term and specifies that it "shall begin to run again after the dismissal or discharge and [sic] close of the bankruptcy proceeding." By its plain and ordinary meaning the statute is clear and unambiguous. Therefore, our analysis stops here.

This Court underscores that the automatic stay in 11 U.S.C. § 362(a) becomes operative by the mere filing of a bankruptcy petition. In re Soares, 107 F.3d 969, 971 (1st Cir. 1997). Section 8024 of the PRIRC harmonizes the injunctive restraint imposed by the automatic stay which emanates from an act of Congress and not from the bankruptcy courts. Federal and state courts are bound by the provisions of the automatic stay as they are entities within the meaning of the Bankruptcy Code. *Norton Bankruptcy Law and Practice 3d,* § *43*:5. It is clear and unequivocal that the enactment of Section 8024 of the PRIRC takes into account the effects of Section 362 of the Bankruptcy Code; this is not an absurd discernible intent.

### CONCLUSION:

It is the determination of this Court that Section 8024 of the PRIRC specifically and effectively tolled the expiration or "caducity" of Treasury's tax embargo. Accordingly, the Trustee's Objections to Claim 14 [Dkts. No. 42, 69 and 81] are hereby DENIED.

**IT IS SO ORDERED.**

**In Ponce, Puerto Rico, this 06 day of August, 2009.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**

C:      **DEBTOR**
        **MIGDA L RODRIGUEZ COLLAZO**
        **ALEJANDRO OLIVERAS RIVERA**
        **PR DEPARTMENT OF TREASURY**